**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACOB'S JEWELRY CO. LTD.

*Plaintiff,*

v.

TIFFANY AND COMPANY.; TIFFANY AND COMPANY U.S. SALES LLC; AND TIFFANY (NJ) LLC

*Defendants.*

Civil Action No. 1:20-cv-04291

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jacob's Jewelry Co. Ltd. (hereinafter "Plaintiff" or "Jacob's") for its complaint against Defendants TIFFANY AND COMPANY.; TIFFANY AND COMPANY U.S. SALES LLC; AND TIFFANY (NJ) LLC (Collectively "Tiffany" or "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Letters Patent and arises under the Patent Laws of the United States Title 35 of the United States Code. Plaintiff is the holder of exclusive rights under United States Letters Patent No. 9,609,923 B2 (the "'923 Patent"), entitled "Color Changing Multiple Stone Setting".

2. Upon information and belief, Defendants have infringed, induced infringement of and contributed to the infringement of the '923 Patent by making, using, selling and/or offering to sell jewelry comprising gem stones so arranged and colored that the overall jewelry practices

the teachings of and incorporates the features of certain patent claims presented in Jacob's '923 Patent.

**JURISDICTION AND VENUE**

3. This Court has personal jurisdiction over Defendants by reason of its residence status in this District, its transaction of business in this District, and commission of tortious acts within this District.

4. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and §1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §1391 and §1400.

**THE PARTIES**

5. Plaintiff Jacob's Jewelry Co., Ltd. is located at 232-236 Mahesak Soi 2 Road, Bangrak, Thailand 10500 and is the owner of United States Patent Number 9,609,923 ("the '923 Patent"), entitled "Color Changing Multiple Stone Setting".

6. Upon information and belief, Defendant Tiffany And Company is located at and has a place of business at 727 Fifth Avenue, New York, New York 10022.

7. Upon information and belief, Defendant Tiffany and Company U.S. Sales LLC has a registered Agent given as CT Corporation System, 28 Liberty St., New York, New York 10005 as well as store locations throughout the United States, including several such store locations in this District.

8. Upon information and belief, Defendant Tiffany (NJ) LLC is located at and has a place of business at 15 Sylvan Way, Parsippany, New Jersey 07054.

**THE ACTION FOR PATENT INFRINGEMENT**

9. On April 4, 2017, United States Letters Patent No. 9,609,923 B2 (hereinafter "the '923 Patent") entitled "Color Changing Multiple Stone Setting" was duly and legally issued and assigned to Jacob's. A copy of the '923 Patent is attached hereto as **Exhibit A** and made a

part hereof. Plaintiff Jacob's is the owner of the exclusive rights under the '923 Patent here in suit.

10. Jacob's has been making and marketing color changing jewelry since several years prior to the issuance of and its mentioned jewelry products covered by the '923 Patent have proved to be commercially successful and valuable to Jacob's.

11. Upon information and belief, one or more of the Defendants acting alone and in participation of the other defendants purchases and sells color changing jewelry that is/are within the purview of the '923 Patent, including the color changing jewelry shown in **Exhibit B** hereto, called "Jewellery Insights by Katerina Perez", (the "Accused Products").

12. On information and belief, the Accused Products sold by the Defendants are constructed according to the teachings of the patent claims in the '923 Patent, without authority from Jacob's. Specifically, at least patent claim no. 16 of the '923 Patent is being infringed by the Accused Products because they contain all the limitations of claim 16.

13. The Defendants' actions described herein constitute acts of infringement, contributory infringement and inducement of infringement of the '923 Patent in violation of 35 U.S.C. §271(a), (b) and (c).

14. On information and belief, the Defendant(s) has not taken any steps to cease and desist from any further acts of infringement.

15. Jacob's has been in contact with the Defendant Tiffany and Company about the foregoing infringement of the '923 Patent and that Defendant has not denied the Accused Products do not infringe on the '923 Patent, but has insisted that the relevant claims are invalid in view of certain prior art, a so-called Cartier Tourmaline brooch, dating back to the 1940's (the "Cartier Brooch"). See attached **Exhibit C.**

16. Upon information and belief, contrary to Defendants' aforementioned allegations, the Cartier Brooch does not contain the relevant features and elements of any of the patent claims of the '923 Patent, which patent is therefore being willfully infringed by Defendants' sales of the Accused Products since the date of issuance of the '923 Patent.

17. Since the Defendants have been fully apprised of and are and have been cognizant of the ongoing infringement and have taken no action to cease their knowing infringement of the '923 Patent, their conduct has caused Plaintiff irreparable harm and damage.

18. The Defendants' actions constitute willful and deliberate infringement of the '923 Patent and will continue to cause more harm unless enjoined by this Court. The Defendants' acts of infringement have caused and continue to cause Jacob's irreparable injury, for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jacob's prays as follows:

a. that United States Letters Patent No. 8,406,923 B2 be adjudged valid and enforceable;

b. that Defendants be adjudged to have infringed United States Letters Patent No. 8,406,923 B2, including contributing to and actively inducing infringement of the '923 Patent;

c. that the acts of infringement by the Defendants be adjudged to be willful and deliberate;

d. that Defendants be ordered to account for and pay to Jacob's the damages sustained by Jacob's due to the Defendants' infringement of United States Letters Patent No. 8,406,923 B2, but in no event less than a reasonable royalty, pursuant to 35 U.S.C. §§284 and 289;

e. that Defendants be ordered to pay pre-judgment and post-judgment interest on the damages awarded against them;

f. that Defendants, its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from infringing United States Letters Patent No. 8,406,923 B2;

g. that this case be adjudged an exceptional case, and that Jacob's be awarded its costs and attorney's fees pursuant to 35 U.S.C. §285; and

h. that the court grant such other and further relief as it deems just and proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Jacob's demands a trial by jury on all issues that are triable by a jury.

Dated: June 5, 2020
New York, New York

Respectfully submitted,

*/s Max Moskowitz*

Max Moskowitz
mmoskowitz@ostrolenk.com
Ariel S. Peikes
apeikes@ostrolenk.com
OSTROLENK FABER LLP
845 Third Avenue
New York, New York 10022
Telephone: (212) 596-0500
Facsimile: (212) 382-0888

*Attorneys for Plaintiff*
*Jacob's Jewelry Co. Ltd.*