UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACOB'S JEWELRY CO. LTD.,

                Plaintiff,

            -v.-

TIFFANY AND COMPANY, TIFFANY
AND COMPANY U.S. SALES, LLC, and
TIFFANY (NJ) LLC,

                Defendants.

---

20 Civ. 4291 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On September 20, 2021, Plaintiff filed a letter asking the Court to compel Defendants to produce their evidence of prior art before the deadline for the production of their invalidity contentions. (Dkt. #44).[1] On September 24, 2021, Defendants filed a responsive letter arguing that Plaintiff's motion was inconsistent with this District's local patent rules and decisions addressing the

---

[1] Although styled a "pre-motion letter," Plaintiff's initial letter explains the source and nature of the parties' dispute and moves the Court to "compel Tiffany to produce the requested documents." (Dkt. #44 at 2). Since Plaintiff filed its letter, both parties have further supplemented the record by filing additional letters as well as several exhibits. (Dkt. #49, 51). Accordingly, the Court dispenses with the pre-motion conference and resolves the dispute based on the parties' written submissions. (*See* Dkt. #43 at 3 (stating that the "Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone")).

The Court pauses here to note that Plaintiff's letter appears to suggest that Plaintiff is moving to compel Defendants to produce both prior and "similar documents[.]" Since Plaintiff filed its initial letter, however, the parties have focused their attention almost exclusively on Defendants' prior art. (*See* Dkt. #44 at 1-2 (disputing that a defendant's prior art may be disclosed simultaneously with its invalidity contentions); Dkt. #51 ("[T]here is no dispute regarding requests seeking documents other than [Defendants'] prior art."); Dkt. #49 (Plaintiff's "letter motion requests that [Defendants] be ordered to produce … 'prior art,' as duly requested in Document Requests Nos. 1-5 and 7.")). Moreover, Defendants state in their responsive letter that the parties have agreed to a production schedule for non-prior-art documents. (Dkt. #51). Thus, the Court limits its analysis to the issue of whether Plaintiff may properly seek to compel Defendants to produce their prior art at this time.

timing of prior art disclosures. (Dkt. #51).[2] Defendants also moved in their letter to recover fees they spent in opposing Plaintiff's motion. (*Id.*) On September 27, 2021, Plaintiff filed a reply letter arguing against Defendants' request for fees. (Dkt. #49). For the reasons stated below, the Court denies both parties' motions.

Beginning with Plaintiff's motion, Plaintiff argues that Defendants should be ordered to produce their prior art before they produce their invalidity contentions for two reasons. *First*, Plaintiff argues that "there is no patent practice rule or case law that permits a patent defendant to delay producing requested prior art and similar documents until after it first serves its 'Invalidity Contentions.'" (Dkt. #44 at 2). *Second*, Plaintiff further argues that allowing Defendants to withhold their prior art until they produce their invalidity contentions would lead to significant inefficiencies by forcing Plaintiff to produce infringement contentions without knowing whether they will later be undermined by Defendants' prior art. (Dkt. #49 at 1). Defendants argue in response that Plaintiff's position is inconsistent with local patent rules of this and other Districts and the relevant caselaw. (Dkt. #51 at 2).

The Court finds that Defendants are not required to produce their prior art before the deadline to file their invalidity contentions. The parties'

---

[2]  Defendants' September 24, 2021 letter contained confidential materials and was initially docketed under seal at docket entry 47. On September 28, 2021, the Court ordered Defendants to re-file the letter on the public docket with any confidential portions redacted. (Dkt. #50). The Court permitted Defendants to file an unredacted version under seal. (*Id.*). The Defendants filed a redacted version of the September 24, 2021 letter on September 28, 2021. (Dkt. #51).

2

discovery obligations in this case are set forth in their Civil Case Management Plan (Dkt. #43 ("CMP")), which draws on this District's local patent rules (*see generally* Local Patent Rules, United States District Courts, Southern & Eastern Districts of New York, https://www.nysd.uscourts.gov/sites/default/files/pdf/Standing_Order_In_re_Local_Patent_Rules.pdf).  As reflected in the parties' CMP, Plaintiff is required to serve its invalidity contentions no later than 60 days from the date of serving its initial disclosures.  (CMP at 2).  Once Plaintiff has filed its invalidity contentions, the CMP provides that Defendants have no more than 60 days to file their invalidity contentions, which "must identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim[.]"  (*Id.*).  Although the CMP does not explicitly identify when Defendants must produce their prior art, its reference to prior art in connection with Defendants' invalidity contentions indicates that Defendants are permitted to produce their prior art simultaneously with their invalidity contentions.[3] Plaintiff may be correct that the earlier disclosure of Defendants' prior art would save Plaintiff resources, but the converse is also true:  If the Court were to order Defendants to produce their prior art at this time, Defendants would

---

[3]     The Court notes that this reading of the CMP is consistent with the Northern District of California's analogous patent rule, which provides that a patent defendant's invalidity contentions "shall contain … [t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." N.D. Cal. Patent Local. R. 3-3(a) (2020).  Although not binding here, the Northern District's rule is persuasive evidence of Defendants' obligations in this case.  *See Yama Cap. LLC* v. *Canon Inc.*, No. 12 Civ. 7159 (KPF), 2013 WL 6588589, at *3 n.4 (S.D.N.Y. Dec. 13, 2013) (considering decisions interpreting analogous rules in the Northern District of California).

be forced to incur costs assembling and producing prior art that may be irrelevant to Plaintiff's invalidity contentions.  Ultimately, the Court takes no position on the relative efficiency of Plaintiff's proposed plan and instead defers to the plain terms of the parties' CMP.  Accordingly, the Court denies Plaintiff's motion to compel Defendants to produce their prior art.

The Court turns next to Defendants' motion for fees spent opposing Plaintiff's motion to compel.  Defendants argue they are entitled to such fees because (i) Plaintiff's motion is foreclosed by a "wealth of case law" (Dkt. #51 at 2), and (ii) Plaintiff filed its letter in order "to force the parties to incur unnecessary fees" (*id.* at 3).  In support of their latter claim, Defendants cite to "several occasions" when Plaintiff asked Defendants to produce their prior art. (*Id.*).[4]  In response, Plaintiff argues that a fee award is inappropriate in this case because neither this District's local patent rules nor the relevant caselaw foreclosed its motion to compel.  (Dkt. #49 at 1-2).

Defendants' motion for fees is governed by Federal Rule of Civil Procedure 37, which provides, in relevant part:

> If the [movant's motion to compel discovery] is denied, the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in

---

[4]   In connection with this claim, Defendants also filed under seal an exhibit containing emails exchanged between counsel for both parties.  The Court notes that several of the emails open with a prominent disclaimer stating "CONFIDENTIAL PURSUANT TO FRE 408."  (Dkt. #47, Ex. C).  The emails also contain references to the parties' settlement discussions.  (*Id.*).  The Court does not believe it was appropriate for Defendants to include these emails, and declines to consider them in connection with this decision.  The Court notes, however, that it will not permit either party to use the discovery process for improper purposes, and expects both parties to adhere to the terms of their CMP.

4

> opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Here, the Court finds that the award of fees is not appropriate because Plaintiff's motion was substantially justified. The Court is mindful that Defendants do not dispute that they will eventually be required to produce their prior art; the only issue is when Defendants will be required to do so. Although the Court finds that Plaintiff is not entitled to Defendants' prior art at this time, it recognizes that the parties' CMP does not explicitly provide a deadline to produce such prior art. Moreover, despite Defendants' contention that there is a "wealth of case law" establishing that a patent defendant's prior art is not due until the defendant files its invalidity contentions (Dkt. #51 at 2), Defendants cite only one, out-of-district case in support of their claim (*id.* (citing *Oil-Dri Corp. of Am.* v. *Nestlé Purina Petcare Co.*, 2017 WL 1436965, at *4 (N.D. Ill. Apr. 14, 2017)). And that decision neither interprets the parties' CMP nor holds that patent defendants may withhold their prior art until they file their invalidity contentions. *See Oil-Dri Corp. of Am.*, 2017 WL 1436965, at *4 (holding that patent defendant was not required to provide additional details beyond those contained in its initial prior art disclosures).

In the absence of a clear deadline in the parties' CMP, or unambiguous caselaw imposing such a deadline, Plaintiff had a reasonable basis to bring its motion. *See Thai Lao Lignite (Thailand) Co.* v. *Gov't of the Lao People's*

5

*Democratic Republic*, No. 10 Civ. 5256 (KMW), 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011) (finding under Fed. R. Civ. P. 37(a)(5)(A) that a motion was "substantially justified" where the relevant legal standard was "not clearly defined and [was] susceptible to genuine dispute"); *see also Pierce* v. *Underwood*, 487 U.S. 552, 566 (1988) (explaining that the meaning "most naturally conveyed by" the phrase "substantially justified" is "not 'justified to a high degree,' but rather 'justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person"). Finally, to the extent that Defendants suggest Plaintiff filed its motion in bad faith based on the lack of legal support for its position and its previous requests for early disclosure of Defendants' prior art (*see* Dkt. #51 at 2-3), the Court finds that Defendants have failed to provide sufficient evidence of such an illicit motive. As stated earlier, Plaintiff's motion was not clearly foreclosed, and the Court will not find bad faith based on the parties' back-and-forth settlement negotiations. Accordingly, Defendants' motion for fees is denied.

The Clerk of Court is directed to terminate the motion at docket entry 44.

SO ORDERED.

Dated:  September 30, 2021
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge